238 S.C. 506 (1961)
121 S.E.2d 1
Ex parte Otto DORT, Jr., d/b/a Dorts Used Cars, Intervenor, Appellant.
In re STEPHENSON FINANCE CO., Inc., Respondent,
v.
Brooks E. WINGARD, d/b/a Brooks New & Used Cars, Defendant.
17803
Supreme Court of South Carolina.
July 10, 1961.
*507 Messrs. William E. Chandler, Jr., and Charles D. Davis, of Columbia, for Appellant.
Messrs. Taylor & Foard, of Columbia, for Respondent.
July 10, 1961.
MOSS, Justice.
Stephenson Finance Co., Inc., the respondent herein, did, on January 3, 1959, institute this action against Brooks E. *508 Wingard, doing business as Brooks New and Used Cars, the defendant herein, for the possession of twenty automobiles. The action was instituted in the usual manner and pursuant to Section 10-2501 et seq., of the 1952 Code of Laws of South Carolina. Otto Dort, Jr., doing business as Dorts Used Cars, the appellant herein, intervened pursuant to Section 10-2515 of the 1952 Code, in the claim and delivery proceeding, asserting title to a 1957 Chevrolet automobile, being one of the twenty taken by the respondent. It appears from the record that pursuant to a consent order the automobile in question was sold and the net proceeds of sale in the sum of $897.00 was deposited with the Clerk of Court for Richland County and is held pending a determination of the issues before the Court. The issue to be decided concerns the priority of the respective claims of the respondent and appellant to the proceeds of sale of the automobile in question.
This case was tried before the Honorable J.B. Ness, presiding Judge of the Fifth Circuit, and a jury, in the Richland County Court of Common Pleas on January 27, 1960. At appropriate stages of the trial the respondent made a motion for a nonsuit and a directed verdict in its favor. These motions were refused and the case was submitted to the jury. A verdict was returned in favor of the appellant in the amount of $897.00. The respondent moved the Court for judgment in its favor non obstante veredicto, on the ground of estoppel, and under Section 57-308 of the 1952 Code. The motion of the respondent was granted by the trial Judge by order dated February 9, 1960. This appeal followed.
The evidence shows that appellant was a used car dealer and owned the 1957 Chevrolet Sedan in question. It further appears that on December 24, 1958, Brooks E. Wingard, who was also a used car dealer, agreed to purchase the said automobile from the appellant at a purchase price of $1,150.00. The wife of the appellant, acting as his agent, did, on December 24, 1958, deliver the automobile in question to *509 Wingard at his used car lot, and at such time received a check from him in the amount of $1,150.00, such being the agreed purchase price. The appellant's wife testified that when she delivered the automobile to Wingard, she took with her a bill of sale, and that she had in her possession the certificate of title to the automobile, and that she agreed to deliver the indicia of title when the check given as payment of the purchase price had cleared the bank. The testimony shows that on December 24, 1958, Wingard went to the place of business of the respondent and executed a note and chattel mortgage to it in the sum of $1,100.00, covering the vehicle in question. In the chattel mortgage, Wingard represented to the respondent that he was the lawful owner of said Chevrolet automobile. This chattel mortgage was duly recorded in Richland County on December 30, 1958. Wingard's check to the appellant was deposited in the First National Bank in Columbia, on December 26, 1958, and returned unpaid to the appellant on December 31, 1958, and the slip upon said check showing that it was returned because of "insufficient funds".
The testimony in behalf of the respondent, as given by the assistant manager, shows that it made a loan of $1,100 to Wingard about 5:00 P.M. on December 24, 1958, and took a chattel mortgage on the car in question as security for the payment of said debt. This witness testified that Wingard satisfied him as to his ownership of the car or he wouldn't have made the loan. However, he testified: "Our company requires us to require the dealer to prove ownership, and I don't know exactly what he had, because I handled numerous transactions, and I can't remember all of them, but he satisfied me in some way, or I would not have taken the mortgage and given him the check." This witness further testified that it was not the policy of the respondent to keep the indicia of title and that such would be returned to the dealer because he needs this evidence of ownership when he sells the car in question.
*510 The wife of the appellant testified that Wingard signed a bill of sale for the automobile in question and when asked if she recorded such, her answer was, "No, we don't do that."
The appellant asserts that the trial Judge was in error in concluding that there was no evidence to support the verdict of the jury and in granting the motion of the respondent for judgment non obstante veredicto.
Section 57-308 of the 1952 Code of Laws provides:
"Every agreement between the vendor and vendee or the bailor and bailee of personal property whereby the vendor or bailor shall reserve to himself any interest in the property shall be null and void as to subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for a valuable consideration without notice unless such agreement be reduced to writing and recorded in the manner provided by law for the recording of mortgages. * * *"
It is apparent from the record that the appellant parted with the possession of the Chevrolet automobile in question, permitting Wingard, another known automobile dealer, to appear as owner thereof. Assuming that the appellant and Wingard entered into a memorandum as to the sale, such was not recorded and would amount to no more than an unrecorded reservation of interest in the said automobile, which would not be effective as against subsequent creditors without notice. Sections 57-308 and 60-101, of the 1952 Code of Laws of South Carolina.
The appellant contends that by retaining in his possession written evidence of the ownership of the Chevrolet automobile, that the respondent was placed on notice that Wingard did not have title to such automobile, and those dealing with him did so at their peril. This contention of the appellant is answered by the plain terms of the statutes heretofore mentioned. All of the parties here involved were engaged in the sale and financing of automobiles. The appellant and Wingard were automobile dealers. This was known to the appellant and respondent. It is reasonable to assume that appellant *511 knew that Wingard was purchasing the automobile for handling in the normal course of his automobile business, and in this normal course of business Wingard would either sell or finance the automobile.
Ordinarily, one in possession of personal property is presumed to be the owner, and one purchasing such personal property is required to use only reasonable diligence to ascertain if there are any defects in the title thereto. Russell Willis, Inc., v. Page, 213 S.C. 156, 48 S.E. (2d) 627. In our opinion, the record fails to disclose the lack of the exercise of reasonable diligence on the part of the respondent. There is nothing in the record to indicate that the transaction between the respondent and Wingard was handled other than in the normal, usual and customary manner of such dealings between a used car dealer and a finance company. Wingard had possession of the automobile with nothing to indicate other than that he held it as owner to be disposed of in the normal course of his business. It was the appellant who created appearances reasonably likely to deceive or mislead a subsequent creditor. Such negligence on the part of the appellant is sufficient to support the plea of estoppel and the appellant here is precluded from asserting his title against the respondent because it was a subsequent lien creditor without notice of any defect in the title to the automobile in question. This is no more than giving recognition to the rule long followed in this State that if one of two innocent persons must suffer by the fraud of another, the one whose negligence makes the fraud possible must bear the loss. Land v. Reese et al., 136 S.C. 267, 134 S.E. 252, and McFaddin et al. v. Bland et al., 147 S.C. 27, 144 S.E. 592.
We should point out that during the trial of this case, the trial Judge held that the recently enacted Motor Vehicle Title Law. Section 46-139 et seq., of the 1960 Cumulative Supplement to the Code, was not applicable in this case. The appellant duly excepted to this ruling but abandoned such *512 exception in this Court. This case is, therefore, decided without taking into consideration the Motor Vehicle Title Law.
We are of opinion that the respondent has a first lien against the proceeds of sale of the automobile in question and that the order appealed from should be affirmed.
Affirmed.
TAYLOR, C.J., and OXNER, LEGGE and LEWIS, JJ., concur.